16-4065-cv
Aegean Bunkering (USA) LLC v. M/T AMAZON

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 10th day of July, two thousand eighteen.

Present:    BARRINGTON D. PARKER,
            RICHARD C. WESLEY
            DEBRA ANN LIVINGSTON,
                        *Circuit Judges.*

_____

Aegean Bunkering (USA) LLC,

                        *Plaintiff-Counter-Defendant-Cross-Defendant-Appellant*,

                v.                                            16-4065-cv

M/T AMAZON, IMO 9476654, its engines, tackle and apparel,

                        *Defendant-in-Rem-Garnishee-Appellee*,

Jasper Exporting Ltd.,

                        *Defendant-in-Rem-Third Party Plaintiff-Cross Claimant-Counter Claimant-Counter Defendant-Appellee*,

ING Bank N.V.,

                        *Interested Party-Third Party Defendant-Counter Claimant-Cross Claimant-Appellee*,

Certain Bunkers FO 500 CST, aboard or loaded aboard the M/T AMAZON, Inc.,

                        *Defendant-in-Rem*,

Bergen Bunkers, AS,

*Defendant-in-Rem-Cross Defendant*,

v.

O.W. Bunker Malta Ltd., O.W. Bunker USA,

*Third Party-Defendants*.

_____

Appearing for Aegean Bunkering (USA) LLC:     J. Stephen Simms, Casey L. Bryant,
                                              Simms Showers LLP, Baltimore, MD.

Appearing for M/T AMAZON and Jasper Exporting Ltd.: Michael E. Unger, Gina M. Venezia,
                                              Michael J. Dehert, Freehill Hogan &
                                              Mahar LLP, New York, N.Y.

Appearing for ING Bank N.V.:                  David Potter, Lazare Potter &
                                              Giacovas LLP, New York, N.Y.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant Aegean Bunkering (USA) LLC appeals from a judgment of the United States District Court for the Southern District of New York (Forrest, *J.*) dismissing its maritime lien and related claims arising from the provision of bunkers to a vessel. *See Aegean Bunkering (USA) LLC v. M/T AMAZON*, No. 14-cv-9447, 2016 WL 4471895 (S.D.N.Y. Aug. 24, 2016). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review on appeal.

Aegean asserts that as the party that physically supplied the bunkers to the vessel on the order of someone authorized to bind the vessel, it is entitled to a maritime lien against the vessel for the value of the bunkers. Specifically, Aegean contends that the District Court erroneously concluded that Aegean was not entitled to assert a maritime lien and that the Court should not

have granted judgment in favor of ING Bank N.V ("ING"). As the District Court correctly observed, there is no dispute that Aegean provided the bunkers to the vessel, thus Aegean is entitled to a maritime lien if Aegean meets the requirements of the Commercial Instruments and Maritime Lien Act ("CIMLA"), 46 U.S.C. § 31301 *et seq.*

**I. Maritime Lien Claim**

CIMLA requires three elements for a maritime lien: "(1) that the goods or services at issue were 'necessaries,' (2) that the entity 'provid[ed]' the necessaries to a vessel; and (3) that the entity provided the necessaries 'upon the order of the owner of such vessel or a person authorized by the owner.'" *ING Bank N.V. v. M/V TEMARA,* 892 F.3d 511, 518 (2d Cir. 2018) (quoting 46 U.S.C. § 31342(a)). As to the third requirement, "CIMLA defines 'persons . . . presumed to have authority to procure necessaries for a vessel' as '(1) the owner; (2) the master; (3) a person entrusted with the management of the vessel at the port of supply; or (4) an officer or agent appointed by—(a) the owner; (b) a charterer; (c) an owner pro hac vice; or (d) an agreed buyer in possession of the vessel.'" *Id.* (quoting 46 U.S.C. § 31341(a)).

Here, as the District Court correctly concluded, Aegean's entitlement to a maritime lien under CIMLA turns on whether it provided the bunkers "on the order of the owner or a person authorized by the owner." *See M/T AMAZON*, 2016 WL 4471895, at *7. However, Aegean did not supply the bunkers on the order of a statutorily authorized person. Instead, Aegean was hired to supply the bunkers to the vessel by a subcontractor, Bergen, who was contracted by another subcontractor, O.W. USA, who in turn was contracted by the bunker contractor, O.W. Malta, who was hired to provide bunkers to the vessel by the commercial manager of the Vessel's owner. Aegean does not appear to dispute this contractual chain. Aegean also did not offer evidence that would establish that each of the subcontractors and their counterparties were in

agency relationships with a statutorily authorized person so that Aegean could be construed as being hired directly by them. *See Marine Fuel Supply & Towing, Inc. v. M/V KEN LUCKY*, 869 F.2d 473 (9th Cir. 1988). Nor did it adduce evidence that a statutorily authorized person controlled the selection of Aegean as the physical supplier. *See Lake Charles Stevedores, Inc. v. PROFESSOR VLADIMIR POPOV M/V*, 199 F.3d 220 (5th Cir. 1999).

Instead, Aegean mainly argues about the effect of a particular clause, clause L.4, of the O.W. contractual terms. That clause purports to make the buyer of the bunkers bound by the physical supplier's terms when the physical supplier "insists" that the buyer be bound. Aegean argues that clause means the vessel should be deemed to have agreed to Aegean's own terms of sale. The District Court properly rejected that argument, concluding that maritime liens are solely creatures of statute, not contract, and are construed strictly under the principle of *stricti juris*. Aegean's terms of sale cannot fill the absence of one of the statutory requirements for a maritime lien under CIMLA, namely that Aegean have been hired by a statutorily authorized person to supply the bunkers, which, in this case, it was not.

**II. Unjust Enrichment Claim**

Next, Aegean argues that the District Court's entry of judgment in favor of ING in the amount of $994,313.42 awarded ING with a windfall. Aegean contends that O.W. Malta/ING and the vessel benefitted from the bunkers which Aegean provided, but the District Court failed properly to consider that Jasper, the O.W. entities, ING, and the Vessel are liable to Aegean under the theory of unjust enrichment.

The District Court properly concluded that Aegean cannot prevail on this theory. Although unjust enrichment claims are available under maritime law, they are *in personam* claims that cannot morph into a maritime lien. *See M/V TEMARA*, 892 F.3d at 522. As the

District Court correctly observed, claims for unjust enrichment must be brought *in personam* and Aegean has only asserted *in rem* claims in this action. *See id.* (observing that "*in rem* maritime liens 'cannot be conferred on the theory of unjust enrichment or subrogation'" (quoting 2-II Benedict on Admiralty § 24 (2017))). Accordingly, Aegean's unjust enrichment claim fails.

We have considered the remainder of Aegean's arguments and find them to be without merit. Accordingly, the judgment of the District Court hereby is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk